IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES R. GETZ, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1536 (MN) |
| | ) |
| STATE OF DELAWARE BOARD OF PAROLE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Charles R. Getz, Jr., James T. Vaughn Correctional Center – Pro Se Plaintiff.

June 6, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On November 23, 2022, Plaintiff Charles R. Getz, Jr., an inmate at James T. Vaughn Correctional Institution in Smyrna, Delaware, filed this *pro se* action pursuant to 42 U.S.C. § 1983. (D.I. 1). Plaintiff has paid the filing fee. (12/6/2022 Remark). Plaintiff has filed a motion for summary judgment, a motion for default judgment, a request for entry of default, and a motion for judgment on the pleadings. (D.I. 4, 5, 10, 17). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915A(a).[1]

## I.   BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Following a 1989 trial, Plaintiff was convicted of first-degree rape and sentenced to life in prison with the eligibility for parole after twenty years. (D.I. 1 at 4). In October 2021, the Delaware Board of Parole granted Plaintiff parole, but some of the conditions of his parole had not yet been statutorily enacted when he was sentenced in 1989. (*Id.*). Plaintiff contends that requiring him to fulfill conditions of parole that were not in existence when he was originally sentenced is a violation of his rights under the Ex Post Facto clause of the United States Constitution because it illegally enhanced his sentence beyond statutory and judicial authority. (*Id.* at 20-24). Plaintiff's refusal to comply with some of the conditions of parole resulted in the revocation of his parole. (*Id.* at 14-17). He unsuccessfully appealed the revocation to Delaware Supreme Court. (*Id.* at 17-19). As of the filing of the Complaint, he had an outstanding petition filed with the Delaware Board of Parole challenging the revocation. (*Id.* at 19).

---

[1]   Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments. *See Stringer v. Bureau of Prisons*, 145 F. App'x 751, 752 (3d Cir. 2005) (per curiam).

1

Plaintiff thoroughly details the various forms of relief he seeks, but it essentially amounts to declaratory and injunctive relief holding that he is not subject to the parole conditions that were not in existence when he was sentenced, and compensatory and punitive damages. (*Id.* at 30-34).

## II. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(A)(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court, however, must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). "Allegations of participation and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016).

### III. DISCUSSION

Applying the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994),[2] the Third Circuit has held that § 1983 actions that, if successful, would necessarily demonstrate the invalidity of a parole board's decision (regarding the length or revocation of parole) are not cognizable unless and until the board's decision has been invalidated. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006). Plaintiff's claims here are barred by *Heck* as they appear to be squarely aimed at the Parole Board's decision regarding the conditions of his parole, and the revocation of his parole, neither of which has been invalidated. Accordingly, the Complaint will be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1). Plaintiff's pending motions will be denied as moot.

It is possible that by filing this Complaint Plaintiff sought to pursue habeas corpus relief. (*See, e.g.*, D.I. 1 at 9) ("Petitioner Getz submits the above denial of fair trial should be reviewed as an action under 28 U.S.C. § 2254."). Although it appears unlikely that this was Plaintiff's intention, if this was in fact his aim, he may notify the Court by the deadline listed in the Order below if he wishes to have a new habeas case opened, with the Complaint docketed as the opening filing.

### IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint without prejudice pursuant 28 U.S.C. § 1915A(b)(1). Plaintiff's pending motions will be denied as moot. Plaintiff will be given an opportunity to request that a new habeas case be opened.

An appropriate Order will be entered.

---

[2] *See Heck*, 512 U.S. at 486-87 (holding that, where success in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated).